UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY A. PELLICO,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-00448 |
| | ) | |
| vs. | ) | Jury Trial Demanded |
| | ) | |
| **CODILIS & ASSOCIATES, P.C.**, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Gregory A. Pellico ("Pellico"), by and through his undersigned attorneys, for his complaint against Codilis & Associates, P.C. ("Codilis"), states:

### NATURE OF THIS CASE

1. Codilis (a collection law firm) violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), when it attempted to collect a consumer debt through foreclosure when the creditor had contracted to limit the amount of its lien.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with attempts to collect a debt. 15 U.S.C. §§ 1692e. The conduct of Codilis ran afoul of this statutory prohibition and Pellico seeks appropriate relief here.

### PARTIES, JURISDICTION AND VENUE

3. Subject matter jurisdiction exists pursuant to 28 U.S.C. §1331 as this action arises under the FDCPA.

4. Venue and personal jurisdiction in this District are proper under 28 U.S.C. § 1391(b)(2) because Codilis conducts business in this District and because a substantial part of the

1

events or omissions giving rise to the claims asserted herein occurred, or a substantial part of property that is the subject of the action is located, in this District

5. Pellico is a natural person who resides in this District and owns the property at 221 E. Fremont Ave., Elmhurst, Illinois (the "Home"). The Home is Pellico's primary, personal residence.

6. Codilis is an Illinois professional corporation which employs individuals engaged in the practice of law in Illinois.

7. At all times relevant, Codilis acted as the attorney and agent for First American Bank ("FAB") with respect to Pellico and collection of debt alleged to be due.

8. All actions taken by Codilis on behalf of FAB were taken within the scope of the agency relationship between Codilis and FAB.

## THE FACTS

9. On May 26, 2017, Pellico executed a Home Equity Line of Credit Agreement and Disclosure ("HELOC") which provided that Pellico could borrow up to $100,000 from FAB. As security for that loan, Pellico granted FAB a contemporaneous mortgage lien ("Mortgage") on his Home. Together, the HELOC and Mortgage are referenced herein as the "Loan." A copy of the Loan is attached as *Exhibit 1*.

10. The Mortgage specifically capped the amount of the mortgage lien to $100,000.00.

11. In 2019, Pellico fell behind with the payment of real estate taxes on the Home. FAB advanced funds to pay the taxes and added the amounts due to the balance of the Loan.

12. When Pellico was unable to make a lump sum payment to pay amounts due to FAB, the bank declared the Loan to be in default and accelerated all amounts due.

13. On June 10, 2020, Codilis filed a single-count complaint for foreclosure against Pellico seeking to collect the entire balance of the Loan on behalf of FAB through the foreclosure and sale of the Home. That action remains pending in the Circuit Court for the 18th Judicial Circuit, DuPage County, Illinois as case number 2020 CH 427 (the "Foreclosure Case"). A copy of the Complaint to Foreclose Mortgage ("Foreclosure Complaint") is attached as *Exhibit 2*.

14. Shortly thereafter, Pellico retained an attorney to defend him in the Foreclosure Case and incurred costs for filing fees and for attorney's fees.

15. In Paragraph 3(j)(2) of its Foreclosure Complaint, Codilis alleges that, "the Principal balance due on the [Loan] is **$109,734.61**, plus Interest, costs, advances and fees." *See Exhibit 2*, ¶3(j).

16. Based on this allegation, Codilis seeks a judgment of foreclosure and sale of the Home in this amount. *See Exhibit 2*, Request for Relief. Additionally, Codilis sought a deficiency judgment against Pellico. *Id.*

17. Codilis is not entitled to the relief requested in the Foreclosure Complaint.

18. By its terms, the Loan provides that the maximum lien that can be asserted against the Home is $100,000.00.

19. The contract entered into between the parties clearly and unambiguously states in the very first sentence that:

> "**MAXIMUM LIEN**: At no time shall the principal amount of the Indebtedness secured by the Mortgage, not including sums advanced to protect the security of the Mortgage, exceed $100,000.00." *See Exhibit 2*, Exhibit A thereof, first sentence.

20. "Indebtedness" as used in the Mortgage is a term which is defined by the parties as follows:

> **Indebtedness.** The word "Indebtedness" *means all principal, interest, and other amounts, costs and expenses* payable under the Credit Agreement or Related Documents, together with all renewals of, extensions of, modifications of, consolidations, substitutions for the Credit Agreement or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Mortgage, together with interest on such amounts as provided in this Mortgage." (emphasis added)

*See* pg. 10 of ***Exhibit 2.***

21. On August 27, 2020 Codilis filed in the Foreclosure Case its Affidavit of Amounts Due and Owing, a copy of which is attached as ***Exhibit 3***.

22. Exhibit 3 shows a principal balance of $99,635.00 as of August 21, 2020, and additional amounts for interest and late charges, and those amounts comprise a portion of the amount demanded in Paragraph 3(j) of the Foreclosure Complaint. *See* ***Exhibit 2***, ¶3(j).

23. As defined by the parties' agreement, "Indebtedness" includes interest and late fees, as well as advances made. That term also includes "expenses incurred by [FAB] to enforce "Pellico's] obligations under this Mortgage…" *See* pg. 10 of ***Exhibit 2.***

24. The Foreclosure Complaint fails to disclose that the limit of the Mortgage is $100,000.00, thus implicitly and falsely representing that a judgment of foreclosure in excess of $100,000.00, exclusive of sums advanced to protect the security of the Mortgage, can be obtained.

25. Illinois law governs the interpretation of the contract between Pellico and FAB. See ***Exhibit 2***, pg. 10 [pg. 5 of the subject Mortgage].

26. A mortgage is an interest in land created by a written instrument providing security for the performance of a duty or the payment of a debt. *In re in re Busse*, 124 Ill. App. 3d 433 (1st Dist. 1984).

27. The mortgage instrument is merely a contract as between the immediate parties. *Petkus v. St. Charles Savings & Loan Asso.*, 182 Ill. App. 3d 327 (2nd Dist. 1989).

4

28. The rules of contract provide that the parties to a contract are presumed to have intended what their language clearly imports so that a trial court has no discretion to require parties to accept any terms other than those in their contract. *Bornstein v. First United*, 232 Ill. App. 3d 623 (1st Dist. 1992).

29. When terms of a contract are clear and unambiguous, they must be enforced as written and no court can rewrite a contract to provide a better bargain to suit one of the parties. *Continental Mobile Telephone Co. v. Chicago S M S A Ltd. Partnership*, 225 Ill. App. 3d 317 (1st Dist. 1992).

30. A lender and borrower enjoy the freedom of the marketplace to negotiate whatever they wisely or foolishly believe is in their best interests and a court is powerless to alter the clear terms of a mortgage contract. *National Acceptance Co. v. Exchange National Bank*, 101 Ill. App. 2d 396 (1st Dist. 1968); *Resolution Trust Corp. v. Holtzman*, 248 Ill. App. 3d 105, 112 (1st Dist. 1993).

31. Here, FAB and Pellico freely contracted to limit the amount of any lien that could be asserted against the Home to collect the Loan to a maximum of $100,000.00.

32. By seeking to enforce a lien for an amount exceeding $100,000, Codilis violated the FDCPA.

33. Congress enacted the FDCPA to prohibit the "[u]se of abusive, deceptive, and unfair debt collection practices." 15 U.S.C §1692a. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

34. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692.

35. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

36. The FDCPA encourages consumers, through counsel, to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

37. Pellico is a "consumer" as that term is defined by applicable federal and state statutes. He is a natural person from whom Codilis sought to collect a debt incurred for personal, family, or household purposes. Here the debt was alleged to have been the Loan. Pellico is a "consumer" as defined by 15 U.SC. § 1692a(3), and the Loan is a debt as defined by 15 U.SC. § 1692a(4).

38. Pellico asserts a private right of action under the FDCPA pursuant to 15 U.S.C. §1692k, against Codilis for violating the FDCPA.

39. Pellico seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C.§ 1692 *et seq*.

40. Codilis acted at all relevant times as the debt collector for FAB, attempting to collect the Loan from Pellico. At all material times, the Loan was alleged to have been in default.

41. Codilis regularly uses the mail to collect debts.

42. The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §

1692e. That includes the use of any "false representation or deceptive means to collect or attempt to collect any debt…" *Id.* § 1692e(2)(A)(10); or a "threat to take any action that cannot legally be taken…" *Id.* § 1692e(5).

43. Section 1692f of the FDCPA provides in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

44. Codilis sought to use the Foreclosure Case as a means to collect amounts in excess of $100,000.00 which is the amount that FAB and Pellico agreed would be the maximum lien.

45. By filing the Foreclosure Complaint and the Affidavit of Amounts Due and Owing, Codilis falsely represented the amount of the debt subject to recovery by FAB through foreclosure.

46. In the Foreclosure Case, Codilis threatens to take action against Pellico which cannot legally be taken - collection of any amount in excess of $100,000.00 through foreclosure and judicial sale of the Home.

47. Pellico was damaged and sustained injury as a result of the foregoing violations of the FDCPA, including but not limited to out of pocket filing fees to appear in the Foreclosure Case and attorneys' fees to his counsel to advise him and represent his interests in that case. These costs are ongoing because the Foreclosure Case remains pending.

48. Pursuant to 15 U.S.C. § 1692k(a)(1), Pellico is entitled to recover actual damages from Codilis.

49. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), Pellico is entitled to recover statutory damages of up to $1,000 from Codilis.

50. Pursuant to 15 U.S.C. §1692k(a)(3), Pellico is entitled to recover costs and reasonable attorney fees incurred in this action from Codilis.

**WHEREFORE**, Pellico respectfully requests that this Honorable Court enter judgment in his favor and against Codilis as follows:

a. Declaring that the conduct of Codilis as alleged herein is unlawful and violates the FDCPA;

b. Awarding him statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding him actual damages, in an amount to be proven at a later date, pursuant to 15 U.S.C. § 1692k(a)(1);

d. Awarding him costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3); and

e. Awarding him any other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

*Respectfully submitted,*

**GREGORY A. PELLICO**

*/s/Rusty A. Payton*
Rusty A. Payton
PAYTON LEGAL GROUP
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

*/s/Adam J. Feuer*
Adam J. Feuer
CHICAGOLAND CONSUMER ADVOCATES, LLC
2846A North Milwaukee Avenue
Chicago, Illinois 60618
(312) 529-8786
afeuer@cca-firm.com