UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY A. PELLICO,

    PLAINTIFF,

v.                                                                       No. 21-cv-00448

CODILIS & ASSOCIATES, P.C.,

    DEFENDANT.

## MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) and 12(b)(6)

Defendant Codilis & Associates, P.C., ("Codilis") by and through its undersigned counsel for its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) states as follows:

## I.    BACKGROUND

On June 10, 2020, Codilis filed a complaint to foreclose mortgage on behalf of its client, First American Bank, in the Circuit Court for the 18th Judicial Circuit, DuPage County, Illinois ("Foreclosure Complaint" or "Foreclosure Action"). [Dkt. 1-2.] Attached to the complaint were copies of the mortgage sought to be foreclosed ("Mortgage"), and the home equity line of credit agreement and disclosure ("Credit Agreement"). [Dkt. 1-2, pp. 6, 13.] In paragraph 3(J) of the Foreclosure Complaint, First American Bank alleges that, "…the Principal balance due on the Note and the Mortgage is $109.734.61, plus Interest, costs, advances and fees." [Dkt. 1-2, p. 3.]

It is this particular allegation with which Plaintiff takes issue, alleging that Codilis violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (the

1

"Act") by "falsely represent[ing] the amount of the debt" and "threat[ing] to take action against Pellico which cannot legally be taken" in violation of 15 U.S.C. § 1692e as a result of the allegation in the Foreclosure Complaint that the principal balance due on Plaintiff's subject mortgage loan is $109.734.61. *Complaint*, ¶¶ 45-46. [Dkt. 1.] The core issue is that Plaintiff believes the subject Mortgage and Credit Agreement limit the outstanding principal balance to $100,000; and so, according to Plaintiff, Codilis violated the Act when it alleged in the Foreclosure Complaint that the principal balance on the Mortgage and Credit Agreement exceeded that amount. *See Complaint*, ¶ 46.

Plaintiff's Complaint must be dismissed for several reasons. Plaintiff has failed to state a claim upon which relief could be granted because the allegations pleaded by Pellico do not give rise to the conclusion that Codilis either falsely represented the amount of the debt or threatened to take action which could not legally be taken. And even if Plaintiff did sufficiently plead a violation of the Act, Plaintiff has failed to demonstrate standing because it alleged no injury; and thus this Court lacks subject matter jurisdiction. Moreover, the allegations in the Foreclosure Complaint are protected free speech, which cannot be actionable. Finally, and alternatively, even if jurisdiction is proper, this matter ought to be stayed under the *Colorado River* abstention doctrine because the claim is pending in state court. For all these reasons as explained more fully below, Plaintiff's complaint ought to be dismissed with prejudice.

2

## II.  APPLICABLE LAW

A pleading in federal court must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint should be organized, clear, and is subject to dismissal for being unclear, lengthy, or unintelligible. *Lindsell v. McCallum*, 352 F.2d 1107, 1110 (7th Cir. 2003). And a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise the right to relief beyond the speculative level . . . on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).  Plaintiff's claim must be "plausible" which does not rise to the level of "probable" but requires "more than a sheer possibility" that the defendant is liable.  *Id*.  A cause of action must be supported by factual allegations; mere conclusory statements or "naked assertions" do not suffice.  *Id*. at 679.  The court must review the allegations to determine whether the complaint states a "plausible" claim for relief.  *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

When considering a motion under Rule 12(b)(6), a court can consider the complaint's allegations as well as documents attached to and referenced in the complaint as well as information subject to "proper judicial notice." *Cohen v. American*

*Sec. Ins. Co.*, 735 F.3d 601, 604 n.2 (7th Cir. 2013) (citation and internal quotation marks omitted).

The Fair Debt Collection Practices Act (15 U.S.C § 1692 *et seq.*) (the "Act" or "FDCPA") provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> >
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C § 1692e.

## III.   ARGUMENT

### a. Plaintiff has failed to state a plausible claim under the Act and the Complaint ought to be dismissed pursuant to Rule 12(b)(6).

In the Complaint, Plaintiff alleges that Codilis violated the Act because it pleaded in the Foreclosure Complaint that the principal balance due on Plaintiff's mortgage loan was $109,734.61 despite the fact that, according to Plaintiff, the maximum principal balance on the Mortgage and Credit Agreement is only $100,000.00. *Complaint*, ¶¶ 15-19, 22-24, 31-32. In support of this contention, Plaintiff cites to the Mortgage which was attached to the Foreclosure Complaint filed by Codilis. *Complaint*, ¶ 19. But in so doing, Plaintiff pleads himself out of court because he acknowledges that the maximum principal balance on the loan is *not* $100,000.00, but instead is $100,000.00 "*not including sums advanced to protect the security of the*

4

*Mortgage.*" *Mortgage*, p. 1 (emphasis added). In other words, and squarely contradictory to Plaintiff's allegation, the principal balance may actually exceed $100,000.00 when amounts are advanced by the lender to "protect the security of the Mortgage." *Id.*

This fact is also made clear in the Credit Agreement, which is the instrument that created the debt for which repayment is secured by the Mortgage. [Dkt. 1-1, p. 9; 1-2, p. 13.] On the very first page of the Credit Agreement, it explains that "[the lender] may charge your Credit Line to pay other fees and costs that you are obligated to pay under this Agreement" *Id.* It goes on to provide that "If you do not pay your property taxes, we may charge your Credit Line and pay the delinquent taxes." *Id.* And most importantly, when advances such as the payment of taxes are made, "Any amount so charged to your Credit Line will be a credit advance and will decrease the funds available, if any, under the Credit Line." *Id.* This is consistent with another provision in the Mortgage which provides that "...Lender on Grantor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Credit Agreement…." *Mortgage*, p. 3.

In other words, the Mortgage and Credit Agreement make clear that advance payments made by the Lender when Plaintiff fails to fulfill his obligation to pay property taxes and insurance may be added to the principal balance. This is evidenced not only by the very first sentence of the Mortgage itself which provides that "[a]t no time shall the principal amount of Indebtedness secured by the Mortgage, *not*

*including sums advanced to protect the security of the Mortgage,* exceed $100,000.00"
but also by the other terms of the Mortgage and Credit Agreement which permit the
lender to advance payment for taxes and insurance and charge interest on such
advances as it would on other advances of principal under the terms of the Credit
Agreement and Mortgage.

Consequently, Plaintiff's central allegation that the principal balance can never
exceed $100,000.00 is simply incorrect, and for this reason, the claims that Codilis
"falsely represented the amount of the debt" or "threaten[ed] to take action against
Pellico which cannot legally be taken" in violation of Section 1692e of the Act ring
hollow. *Complaint*, ¶¶ 45-46. Put another way, Plaintiff's Complaint does not state a
plausible claim under the Act because the premise upon which the Complaint is
based—that the Mortgage and Credit Agreement strictly limit the outstanding
principal balance on the loan to $100,000—is belied by the very exhibits upon which
Plaintiff relies.

It is notable that Plaintiff does not allege that the amount claimed in the
Foreclosure Complaint is not actually due or that Codilis was not otherwise legally
able to file the Foreclosure Complaint, but instead appears only to advance the theory
that the amounts alleged due in the Foreclosure Complaint were essentially
improperly described as "principal" instead of some other nomenclature. *See
Complaint*, ¶¶ 21-24. But this is a distinction without a difference, and is immaterial.

"[A] statement cannot mislead unless it is material." *Boucher v. Fin. Sys. Of
Green Bay*, 880 F.3d 362, 366 (7th Cir. 2018) (*quoting Hahn*, 557 F.3d at 758)

(internal quotation marks omitted). "[T]he purpose of the Fair Debt Collection Practices Act is to protect consumers, and they don't need protection against false statements that are immaterial in the sense that they would not influence a consumer's decision." *Boucher*, 880 F.3d at 366 (*quoting Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009) (internal quotation marks omitted).

Beyond the fact that the Mortgage itself explicitly contemplates that when protective advances are made the principal balance may exceed $100,000 (*Mortgage*, p. 1); even if it did not, the Mortgage and Credit Agreement still provide that the advance of items such as taxes and insurance will bear interest like a principal advance. Merely alleging that Codilis violated the Act by pleading in the Foreclosure Complaint that the principal balance on Plaintiff's mortgage loan was $109,734.61 does not state a plausible claim for violation of the Act. Given the language in the Mortgage and Credit Agreement upon which Plaintiff's Complaint is purportedly founded, Codilis neither took action which could not legally be taken nor falsely represented the amounts due on Plaintiff's mortgage loan.

The Mortgage and Credit Agreement make clear that Plaintiff has not—and cannot—state a plausible claim under the Act against Codilis for pleading the Foreclosure Complaint in the fashion it did. As such, Plaintiff's Complaint ought to be dismissed with prejudice.

### b. Plaintiff's Complaint is subject to dismissal under to Rule 12(b)(1) for failing to plead injury sufficient to show standing.

Similarly, Plaintiff has not pleaded (and cannot plead) any injury resulting from the complained-of conduct and as a result Plaintiff lacks standing. *See Spokeo,*

7

*Inc. v Robins*, 136 S. Ct. 1540, 1547-48 (2016). For this reason, Plaintiff's Complaint ought to be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction. *See Bazile v. Fin. Sys. Of Green Bay, Inc.*, 202 U.S. App. LEXIS 39433, *5-*6 (7th Cir. Dec. 15, 2020). In order to demonstrate standing, "a plaintiff must show she that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). An injury is particularized if it "affects the plaintiff in a personal and individual way." *Larkin v. Fin. Sys. Of Green Bay*, 982 F.3d 1060, 1064 (7th Cir. 2020) (*citing Lujan*, 504 U.S. at 560 n.1). For an injury to be concrete, the injury "must be *de facto*; that is, it must actually exist." *Id.* (*quoting Spokeo*, 136 S. Ct. at 1548) (internal quotation marks omitted). "Several decisions hold that a plaintiff who lacks a concrete injury cannot sue under the Fair Debt Collection Practices Act or a similar statute just because a statement in a letter is incorrect or misleading." *Brunett v. Convergent Outsourcing, Inc.,* 982 F.3d 1067, 1068 (7th Cir. 2020) (citations omitted). "…[T]he asserted violation of a substantive right conferred by the Fair Debt Collection Practices Act does not guarantee the plaintiff's standing." *Id.* (*citing Larkin*, 982 F.3d at 1066). For example, "[i]f the required information [in an FDCPA notice] is omitted without hindering [a debtor's] choices [about how to respond to their debts and to the collection attempt] or some other substantive interest the statute protects, there is no harm done—no concrete injury-in-fact." *Bazile*, at *9 (citation omitted).

8

Plaintiff bears the burden to sufficiently plead he has standing to bring this Complaint. *Spuhler v. State Collection Serv.*, No. 19-2630, 2020 U.S. App. LEXIS 39434, *5 (Dec. 15, 2020). "Initially, a plaintiff may demonstrate standing by clearly pleading allegations that 'plausibly suggest' each element of standing when all reasonable inferences are drawn in the plaintiff's favor." *Id.* (citations omitted).

Here, Plaintiff's Complaint makes clear that regardless as to whether the amounts due on the subject mortgage loan are described as "principal" or something else, the amounts remain due and accrue interest. This is demonstrated by Plaintiff in the attachments to his own Complaint—the Mortgage, Credit Agreement and affidavit—which demonstrate such amounts are due and payable as discussed above.

As for an injury, Plaintiff alleges only that the complained-of conduct compelled him to pay filing fees in the foreclosure case as well as attorney's fees to his counsel in that case. *Complaint*, ¶ 47. But this singular allegation conflates the issues of *injury* with the issue of *damages*. Injury is the "invasion of a legally protected interest…." *Spokeo*, 136 S. Ct. at 1548. On the other hand, damages, such as compensatory damages, "are intended to redress the concrete loss…." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (citation and internal quotation marks omitted).

Even assuming for purposes of this argument that the amounts in excess of $100,000 were improperly alleged to be part of the "principal balance" in the Foreclosure Complaint, Plaintiff does not plead any allegations that Codilis's pleading of the Foreclosure Complaint *injured* him—invaded a legally protected interest of Plaintiff for which the expenditure of legal fees would seek to redress. Plaintiff does

9

not dispute that the amounts advanced in excess of $100,000 are actually due. Instead, Plaintiff only alleges that those "excess amounts" are improperly alleged to be part of the "principal" balance. *Complaint*, ¶ 24. Plaintiff has not shown that this distinction makes a difference.

Thus, not only has Plaintiff failed to articulate a sufficient injury, but it is inconceivable that any injury could be pleaded because, as Plaintiff readily admits in the body of the Complaint as well as the Mortgage and Credit Agreement, amounts in excess of $100,000 *can* be collected when comprised of protective advances. *Complaint*, ¶ 24; *Mortgage*, pp. 1, 3; *Credit Agreement*, p. 1. Plaintiff notes this is the case by pointing to the affidavit attached as Exhibit 3 [Dkt. 1-3] to the Complaint, which itemizes the amounts due First American Bank and includes property taxes. *Complaint*, ¶ 22. Accordingly, Plaintiff's Complaint ought to be dismissed pursuant to Rule 12(b)(1).

### c. The Foreclosure Complaint is constitutionally protected free speech.

Plaintiff's Complaint ought to also be dismissed because it infringes on the free speech rights of Codilis to petition the court and advocate on behalf of its client. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 623 (Kennedy, J., dissenting opinion). The possibility that Codilis faces separate civil litigation and a judgment for doing no more than filing a pleading—which has never been found to be frivolous, harassing, or filed in bad faith "prohibit[s] the analysis of certain legal issues and [truncates] presentation to the courts … [which] prohibits speech and expression upon which courts must depend for the proper exercise of the

10

judicial power." *Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 545 (2001). Such a scheme under the FDCPA, as Justice Kennedy once predicted, compels attorneys when advocating for their clients to "adopt a debtor-friendly interpretation of every question, lest the attorneys themselves incur a personal financial risk." *Jerman*, 559 U.S. at 622 (Kennedy, J., dissenting opinion). Indeed, "…the Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011). However, if—as Plaintiff's Complaint appears to suggest—the mere *filing* of a complaint in a court of competent jurisdiction—without more—can subject a party to civil liability under the FDCPA, then the statute giving rise to such suit must impermissibly violate the Petition Clause. *Velazquez*, 531 U.S. at 545 ("Congress cannot wrest the law from the Constitution which is its source.").

### d. Alternatively, this court should abstain from hearing this matter pursuant to the *Colorado River* abstention doctrine.

Alternatively, this court ought to abstain from hearing this matter pursuant to the *Colorado River* abstention doctrine as this matter runs parallel to the state-court Foreclosure Action. Normally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 645 (7th Cir. 2011) (*quoting Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). However, an exception to this rule exists under exceptional circumstances for "wise judicial administration." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th Cir. 1988)

11

(internal quotation marks and citations omitted). Whether to abstain is within this court's discretion. *Id.* at 1286.

Abstention is subject to a two-part analysis. First, the state and federal cases must be parallel. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011). Parallel cases involve "substantially the same parties" litigating "substantially the same issues in another forum." *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2006). But "precise formal symmetry" is not required to find suits parallel. The relevant question is "whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Adkins*, 644 F.3d at 499 (internal quotation marks and citations omitted).

Here, the comparison between the Foreclosure Action and this Suit demonstrate the matters are parallel. Despite the fact that Codilis is the defendant to the instant suit whereas First American Bank is the foreclosing plaintiff, the matters are otherwise parallel because both suit concern the amounts due by Plaintiff to First American Bank under the Mortgage and Credit Agreement. In fact, the core allegation in this suit is that a portion of the amounts due under those agreements is improperly classified as a "principal" amount in the Foreclosure Action. *Complaint*, ¶¶45-46.

Since the suits are parallel, then ten factors are then weighed as to whether abstention is appropriate: 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court

action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim. *See Tyrer*, 456 F.3d at 754 (*citing Cominiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 701 (7th Cir. 1992)). But, "no single factor is necessarily determinative" and "there is no mechanical formula by which to determine when a stay is appropriate." *Tyrer*, 456 F.3d at 784 (citations and internal quotation marks omitted).

Here, if this court has jurisdiction to the extent that Plaintiff has sufficiently pleaded injury, the factors then weigh in favor of a stay pending the outcome of the Foreclosure Action. There is no dispute that the state court has assumed jurisdiction over property. Similarly, the state court foreclosure matter will avoid piecemeal litigation in two jurisdictions simultaneously, and the federal claim presented by Plaintiff is just but one small portion of the larger adjudication presently before the state court, where all the amounts due under the Mortgage and Credit Agreement will be adjudicated under those agreements. Moreover, the amounts due under the Mortgage and Credit Agreement are necessarily state-law contract issues.

WHEREFORE, Defendant respectfully requests Plaintiff's Complaint be dismissed with prejudice and for any further relief this Honorable Court deems equitable and just.

Respectfully submitted,

CODILIS & ASSOCIATES, P.C.

BY: /s/ Adam A. Price
One of Its Attorneys

Adam A. Price
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
adam.price@il.cslegal.com
14-21-00317